United States District Court
Southern District of Texas
**ENTERED**
August 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRODERICK RENALOA FRENCH, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-1824 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Broderick Renaloa French's petition for a writ of habeas corpus, Respondent Lorie Davis' motion for summary judgment, and French's response to Davis' motion. Having carefully considered the petition, the motion, the response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted, and French's petition should be dismissed.

**I.      Background**

French is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted by a jury of robbery causing bodily injury in the 176th District Court of Harris County, Texas. The trial court sentenced French to a twenty-seven year term of imprisonment.

French's conviction was affirmed on June 30, 2015. *French v. State*, No. 01-14-00620-CR, 2015 WL 3981974 (Tex. App. – Houston [1st Dist.] 2015, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused French's petition for discretionary review ("PDR) on December 16, 2015. *French v. State*, No. PD-924-15 (Tex. Crim. App. 2015). French filed his federal petition for a writ of habeas corpus on May 10, 2019. Doc. # 1 at 10. Respondent moved for summary judgment on September 4, 2019, arguing that the petition is barred by the statute of limitations. French responded to the motion on November 26, 2019.

1

**II.      Analysis**

      **A.      Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, the respondent argues that the statute of limitations began to run 90 days after the TCCA denied French's PDR, on March 15, 2016, when the time to petition the Supreme Court of the United States for a writ of *certiorari* expired. That date would make French's deadline for filing his federal petition March 15, 2017, absent tolling.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2). French filed his state application for a writ of habeas corpus on January 31, 2017. SHCR-02 at 16. The TCCA denied this application without a written order on February 20, 2019, tolling the statute of limitations by 750 days and making French's federal deadline April 5, 2019. French filed a motion for reconsideration on March 2, 2019. The TCCA denied this motion on March 21, 2019, tolling the limitations period by an additional 20 days and extending the deadline to April 25, 2019. French filed his federal petition for a writ of habeas corpus on May 10, 2019. Doc. # 1 at 10. French's federal petition, filed 15 days after the expiration of the limitations period, thus appears to be barred by the AEDPA statute of limitations.

French does not dispute the sequence of events described above. Instead, he argues that, under Texas law, the judgment of the Court of Appeals did not become final until that court issued its mandate

2

on September 18, 2018, giving him until September 19, 2019 to file his federal petition and making his federal petition timely.

French is correct that, under Texas law, the judgment of a Court of Appeals is not final until its mandate issues. *See Ex Parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). The Fifth Circuit, however, has held that federal, not state, law determine when the statute of limitations begins to run.

> We find no reason to look to state law to determine when a state conviction becomes final for the purposes of § 2244(d)(1)(A). The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for *certiorari* or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.
>
> * * *
>
> Because the decision became final when the time for seeking further direct review expired, the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A).

*Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003)(footnotes omitted). Because the statute of limitations began to run when the time to petition for *certiorari* expired, and not when the Court of Appeals issued its mandate, French's petition is time-barred.

### B. Actual Innocence

In his petition (but not his response to the summary judgment motion), French contends that he is actually innocent of the crime for which he was convicted. While a claim of actual innocence does not provide grounds for habeas corpus relief, *see Herrera v Collins*, 506 U.S. 390, 400 (1993), it may excuse a time bar, *see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). French argues that the dates listed in the probable cause affidavit used to obtain his arrest warrant cannot establish probable cause of his guilt because he was incarcerated on those dates. He does not present as evidence the probable cause affidavit, the arrest warrant, or any proof that he was incarcerated on the dates in question. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . .." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because French fails to present any evidence in support of is claim of actual innocence, it cannot excuse the time bar.

### C. Equitable Tolling

The AEDPA statute of limitations is not jurisdictional and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

French does not claim that he was actively misled by the State or otherwise prevented from filing a timely petition. He is not entitled to equitable tolling.

## III.   Certificate of Appealability

French has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, French has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### IV. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' Motion for Summary Judgment (Doc. # 8) is GRANTED;

B. Broderick Renaloa French's Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE; and

C. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 12th day of August, 2020.

Kenneth M. Hoyt
United States District Judge